DOWNEY, Chief Judge.
Appellant seeks reversal of his sentence to consecutive terms of imprisonment for attempted murder and attempted aggravated battery.
The State filed a four count information charging the appellant with committing four felonies: I, attempted first degree murder; II, burglary; III, aggravated battery; and IY, aggravated assault. The jury returned verdicts of guilty as charged on Counts I, II, and IV and guilty of attempted aggravated battery on Count III. Thereupon the court entered judgment of guilty pursuant to those verdicts and sentenced appellant to twenty years on Count I for attempted murder in the first degree, twenty years on Count II for burglary, five years on Count III for attempted aggravated battery and five years on Count IV for aggravated assault. All of the sentences were to run consecutively.
Appellant contends the trial court committed error in sentencing him to consecutive sentences on Counts I and III because aggravated battery is a lesser included offense under the allegations of Count I.
According to the victims, Stacey and Sherrie Apple, appellant broke into their home and awakened them. While standing at the foot of their bed pointing a shotgun at them, appellant fired the shotgun/, missed Stacey and Sherrie, and hit the bed’s headboard. Stacey Apple leaped out of bed and *829 struggled with appellant. During the course of the encounter appellant shot Stacey in the leg with a pistol and then fled. After he was apprehended appellant gave a statement to the police in which he stated that he had gone to the Apple home to collect some money that Stacey owed him; an argument ensued; Stacey pulled a gun, and shots were fired.
Count I of the information charged that appellant:
. did unlawfully and feloniously, and from a premeditated design to effect the death of Stacey Apple, a human being, did attempt to kill Stacey Apple, and in the course of said attempt used a firearm or other deadly weapon, to-wit: a 12 gauge double barrelled shotgun and a 380 Llama pistol, and in furtherance of said attempt did shoot at the head of Stacey Apple with said shotgun and shoot Stacey Apple with the said pistol, .
Count III of the information charged that appellant:
did intentionally cause bodily harm to Stacey Apple by shooting the said Stacey Apple with a deadly weapon, to-wit: a 380 Llama pistol,
Section 775.021(4), Florida Statutes (1977), provides:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively. (Emphasis supplied.)
The factual circumstances of this case and the allegations of the information would support a finding by the jury that appellant was guilty of attempted murder by shooting Stacey Apple with a 380 Llama pistol, as charged in Count I of the information. The same evidence would also convict appellant of the charge in Count III. Under these facts Count III is a lesser offense included in Count I. The statute would, therefore, preclude appellant from being sentenced for a conviction of the crime charged in Count III. It thus necessarily follows that the statute precludes appellant from being sentenced for a conviction of a lesser offense included in Count III.
Appellant does not attack any judgment and sentence except those entered as to Count III. We therefore reverse only the judgment and sentence with respect to Count III and remand the cause with directions to vacate the sentence on Count III.
REVERSED AND REMANDED, with directions.
ANSTEAD and HERSEY, JJ., concur.